PER CURIAM.
Appellant-plaintiffs are appealing from a final decree entered in favor of appellee-de-fendant. This case which arose from a dispute involving conflicting provisions of a trust agreement was before us previously. At that time, plaintiffs were appealing from a summary judgment entered by the chancellor in favor of defendant. We reversed the chancellor and remanded, directing him to take further testimony in order to determine the intent of the settlor at the time he created the trust. Watkins v. First National Bank in Ft. Myers, Fla.App. 1966, 183 So. 2d 575.
The plaintiff-settlor testified that it was his intent that the defendant-trustee was to pay “up to” $625/month for the benefit of each beneficiary. The defendant on the other hand contends that it has the mandatory duty to pay the fixed sum of $625/month for the benefit of each beneficiary.
The chancellor considered the evidence and construed the trust provisions in favor of the defendant. However, we cannot agree with the chancellor, and we believe that the record demonstrates that there was *737 no substantial competent evidence to support defendant’s case. Furthermore, a reading of the trust instrument in its entirety shows that if the settlor intended that the trustee pay a fixed sum of $625/month then paragraph 2 of the trust agreement would conflict with paragraphs 3 and 6. See Watkins v. The First National Bank in Ft. Myers, supra, wherein these trust provisions are recited in full. It seems very unlikely that the settlor did intend to render paragraphs 3 and 6 null thereby removing from the trust any control or discretionary decision making power on the part of the trustee.
For the foregoing reasons, the decree is reversed and remanded for entry of a decree in favor of plaintiffs.
LILES, C. J., and PIERCE and HOB-SON, JJ., concur.